IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

HERSCHELL L. HENNESSEE                                     PLAINTIFF

vs.                            Civil No. 04-3074

JO ANNE B. BARNHART,
Commissioner, Social Security Administration                 DEFENDANT

## MEMORANDUM OPINION

### Factual and Procedural Background:

       Herschell L. Hennesee (hereinafter "Plaintiff"), has appealed the final decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner"), denying his application for disability insurance benefits, (hereinafter "DIB"), pursuant to *§§ 216(i) and 223* of Title II of the Social Security Act (hereinafter "the Act"), *42 U.S.C. §§ 416(i) and 423*. In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *42 U.S.C. § 405(g)*.

       Both parties have filed appeal briefs (Doc. #7 & 8). The history of the administrative proceedings is contained in the respective appeal briefs and will not be recounted herein, except as is necessary.

       Plaintiff alleges that he is disabled due to: arthritis; diabetes mellitus; neuropathy; post traumatic stress disorder; recurrent blackouts (loss of consciousness); pain; fatigue; impaired vision; loss of memory; muscle spasms; asthma; numbness; seizure disorder; numerous functional limitations; pain and arthritis in his shoulders, arms, wrists, hands, back, hips, knees, ankles and feet; and, obesity. The issue before this Court is whether the decision of the Commissioner is supported by substantial record evidence. The Plaintiff asserts that the

Administrative Law Judge (hereinafter "ALJ"), erred in rendering a decision finding Plaintiff not disabled (Doc. #1 & 7).

The Plaintiff's administrative hearing was conducted on June 10, 2004 (T. 26-78). The ALJ issued his final written decision denying Plaintiff's applications for benefits on July 6, 2004 (T. 14-23). Plaintiff then sought review by the Appeals Council (T. 8). The Appeals Council denied Plaintiff's request for review on September 15, 2004 (T. 3-7), thereby making the decision of the ALJ the final decision of the Commissioner.

From this adverse decision, the Plaintiff appeals (Doc. #1, 9). This matter is before the undersigned by consent of the parties (Doc. #2).

**Relevant Law:**

Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See Prosch v. Apfel, 201 F.3d 1010, 1012 (8th Cir. 2000); see also Craig v. Apfel 212 F.3d 433, 435-436 (8th Cir. 2000).* Substantial evidence is relevant evidence that a reasonable mind would accept as adequate to support the Commissioner's conclusion. *See Haggard v. Apfel, 175 F.3d 591, 594 (8th Cir. 1999).* In considering whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See Prosch, 201 F.3d at 1012.* We may not reverse the Commissioner's decision merely because substantial evidence exists in the record that would have supported a contrary outcome. *See id.; Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).* Even if this Court might have weighed the evidence differently, the decision of the ALJ may not be reversed if there is enough evidence in the record to support the decision. *Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir. 1992).*

AO72A
(Rev. 8/82)

The Commissioner has established, by regulation, a five-step sequential evaluation for determining whether an individual is disabled.

The first step involves a determination of whether the claimant is involved in substantial gainful activity. *20 C.F.R. § 416.920(b)*. If the claimant is so involved, benefits are denied; if not, the evaluation goes to the next step.

Step two involves a determination, based solely on the medical evidence, of whether claimant has a severe impairment or combination of impairments. *Id., § 416.920(c); see 20 C.F.R. § 416.926*. If not, benefits are denied; if so, the evaluation proceeds to the next step.

The third step involves a determination, again based solely on the medical evidence, of whether the severe impairment(s) meets or equals a listed impairment which is presumed to be disabling. *Id., § 416.920(d)*. If so, benefits are awarded; if not, the evaluation continues.

Step four involves a determination of whether the claimant has sufficient residual functional capacity, despite the impairment(s), to perform past work. *Id., § 416.920(e)*. If so, benefits are denied; if not, the evaluation continues.

The fifth step involves a determination of whether the claimant is able to perform other substantial and gainful work within the economy, given the claimant's age, education and work experience. *Id., § 404.920(f)*. If so, benefits are denied; if not, benefits are awarded.

In addition, whenever adult claimants allege mental impairment, the application of a special technique must be followed at each level of the administrative review process. See *20 C.F.R. § 416.920a(a)*.

The Commissioner is then charged with rating the degree of functional limitation, and applying the technique to evaluate mental impairments. See *20 C.F.R. § 416.920a(d)*.

AO72A
(Rev. 8/82)

Application of the technique must be documented by the Commissioner at the ALJ hearing and Appeals Council levels. See *20 C.F.R. § 416.920a(e)*.

**Discussion:**

On appeal, Plaintiff makes the following arguments for reversal of the Commissioner's decision to deny his application for DIB benefits: the ALJ erred in relying on erroneous and unsubstantiated vocational expert (hereinafter "VE") testimony; the ALJ erred by failing to conduct proper analysis of Plaintiff's nonexertional impairments; and, the ALJ erred by failing to properly analyze Plaintiff's alleged failure to followed prescribed treatment regimens (Doc. #7, p. 2). The Commissioner argues that the ALJ's decision is supported by substantial evidence and that Plaintiff's arguments are without merit (Doc. #8).

The undersigned has thoroughly reviewed the administrative record and the briefs of the parties. The record reflects that the ALJ found that the medical evidence established that Plaintiff suffered from impairments which were severe, but did not meet the criteria of any listed impairment (T. 17). The ALJ properly noted that the relevant time period for Plaintiff's DIB claim began with his alleged onset date of disability, December 31, 1996, and ends with the date Plaintiff was last insured, December 31, 1998 (T. 15).

Throughout his decision, the ALJ singularly considered some of Plaintiff's alleged impairments, with single sentences or paragraphs being devoted to the analysis of each impairment (T. 16-23). In doing so, the ALJ discussed Plaintiff's alleged impairment at issue, in conjunction with Plaintiff's treatment for same. However, he failed to consider the combined effect of these, and other documented conditions. For instance, the ALJ mentioned Plaintiff's allegations depression (T. 16), post-traumatic stress disorder (T. 16), hyperlipidemia

(T. 17), diabetes mellitus (T. 17), glaucoma (T. 17), fatigue (T. 17), muscle spasms (T. 17), asthma (T. 17), and arthritis (T. 17) singularly, but never considered the combined effect of the impairments he found to be severe. Nor did the ALJ consider the combination of Plaintiff's impairments in conjunction with the allegations of pain (T. 55, 139, 163, 182, 267) and numbness (T. 46, 47, 55, 102, 117, 134, 136, 278). Likewise, the ALJ failed to acknowledge the Plaintiff's receipt of disability benefits from the Veteran's Administration (hereinafter "VA")(T. 16-23, 278). The ALJ also failed to include the PRT analysis of Plaintiff's alleged mental impairments, depression and post-traumatic stress disorder, within the decision.

>20 C.F.R. § 423 (d)(2)(B) provides:
>
>In determining whether an individual's physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under this section, the Commissioner of Social Security shall consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity. If the Commissioner of Social Security does find a medically severe combination of impairments, the combined impact of the impairments shall be considered throughout the disability determination process.

The ALJ is required to consider all impairments he finds to be severe. Likewise, he is required to consider the combined effect of all impairments he finds to be severe. *See 42 U.S.C. § 1382c(a)(3)(F); See also 20 C.F.R. § 404.1523.*

Despite the ALJ's solitary statements as to each alleged impairment, including the impairments which represent severe impairments, he failed to otherwise consider the issue of whether this severe combination of impairments, together with the alleged pain result in a finding of disability. The apparent failure to consider these subjective allegations in relation to what he deemed to be severe impairments necessarily leads to the conclusion that the ALJ failed

in his duty to consider the combined effect of all of Plaintiff's impairments.

The ALJ must consider the impairments in combination and not fragmentize them in evaluating their effects. *Delrosa v. Sullivan, 922 F.2d 480, 484 (8th Cir. 1991), citing Johnson v. Secretary of Health & Human Servs., 872 F.2d 810, 812 (8th Cir. 1989).* In the present case, therefore, the ALJ was obligated to consider the combined effect of [Plaintiff]'s physical impairments. *Id. at 484, citing Reinhart v. Secretary of Health & Human Servs., 733 F.2d 571, 573 (8th Cir. 1984) and Wroblewski v. Califano, 609 F.2d 908, 914 (8th Cir. 1979).* As has been noted, the Plaintiff alleged numerous impairments. Under these circumstances, the Social Security Act requires the Commissioner to consider all impairments without regard to whether any such impairment, if considered separately, would be of sufficient medical severity to be disabling. *Cunningham v. Apfel, 222 F.3d 496, 501 (8th Cir. 2000).*

A thorough review of the record also indicates that the ALJ failed to properly analyze Plaintiff's subjective allegations. In determining whether the ALJ properly disregarded Plaintiff's subjective complaints, such as pain, the Court must determine if the ALJ properly followed the requirements of *Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984)* (subsequent history omitted), in evaluating his pain and credibility.

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
>   1. the claimant's daily activities;
>   2. the duration, frequency and intensity of the pain;
>   3. precipitating and aggravating factors;
>   4. dosage, effectiveness and side effects of medication;

AO72A
(Rev. 8/82)

> 5. functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints <u>solely</u> on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

*Polaski v. Heckler, 739 F.2d at 1322 (emphasis in original).*

Thus, in addition to the requirement that the ALJ consider the Plaintiff's allegations of pain, he also has a statutory duty to assess the credibility of plaintiff. *Nelson v. Sullivan, 966 F.2d 363, 366 (8th Cir. 1992).* The ALJ may discredit subjective complaints of pain inconsistent with the record as a whole. *Ownbey v. Shalala, 5 F.3d 342, 344 (8th Cir. 1993).*

Further, in evaluating the *Polaski* factors, the ALJ must "discuss" those factors in the hearing decision. *Herbert v. Heckler, 783 F.2d 128, 131 (8th Cir.1986)(citing Polaski v. Heckler, 751 F.2d 943, 9580-950 (8th Cir.1984)).*

"While the claimant has the burden of proving that the disability results from a medically determinable physical or mental impairment, direct evidence of the cause and effect relationship between the impairment and the degree of claimant's subjective complaints need not be produced." *Polaski v. Heckler*, 739 F.2d at 1322.

To determine whether the ALJ properly applied the factors listed in *Polaski*, we must determine whether the ALJ took into account all the relevant evidence, and whether that evidence contradicted the claimant's own testimony so that the ALJ could discount the testimony for lack of credibility. *Benskin v. Bowen, 830 F.2d 878, 882 (8th Cir.1987).* The ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen, 862 F.2d 176, 179 (8th Cir.1988).*

In this case, the ALJ made reference to *Polaski* (T. 16). However, he failed to recite the

AO72A
(Rev. 8/82)

requirements of *Polaski* or to comply with the dictates of *Polaski*. In fact, following his reference to the *Polaski* case, the ALJ changes the subject entirely and begins to recite the Plaintiff's medical history (T. 16). Without discussing any of the Polaski factors, the ALJ made a specific determination of Plaintiff's credibility, finding him less than credible (T. 14-23). With respect to Plaintiff's subjective allegations and nonexertional limitations, the ALJ failed to state his specific findings as to any of the *Polaski* factors (T. 14-23).

Implicit in the ALJ's task of making a credibility determination is the requirement that he "discuss" the *Polaski* factors. *Herbert v. Heckler*, *783 F.2d at 130* (the *Polaski* cases and the Social Security Disability Reform Act of 1984 require that the Commissioner set forth the inconsistencies in the objective medical evidence presented and discuss the factors set forth in the *Polaski* settlement when making "credibility" determinations concerning claimant's subjective complaints of pain).

Here, the ALJ failed to meaningfully examine or discuss any of the *Polaski* factors. This is error. The ALJ must discuss and point out the inconsistencies in the record, in order to make a credibility determination. *Cline v. Sullivan, 939 F.2d 560, 565 (8th Cir.1991)* ("it is not enough that inconsistencies may be said to exist, the ALJ must set forth the inconsistencies in the evidence presented and discuss the factors set forth in *Polaski* when making credibility determinations"); *Herbert v. Heckler*, *783 F.2d at 131* (even though evidence with respect to *Polaski* factors is in the record, those factors must be discussed in the decision). The ALJ failed to conduct a proper analysis of Plaintiff's allegations and evidence pursuant to *Polaski*.

The parties are each reminded of their duty to fully and fairly develop the record upon remand. The United States Court of Appeals for the Eighth Circuit has stated numerous times

-8-

that it is the ALJ who has the duty to fully and fairly develop the record, even if a plaintiff is represented by counsel. *Wilcutts v. Apfel, 143 F.3d 1134, 1137-38 (8th Cir.1998).* The Commissioner acknowledges that it is her " 'duty to develop the record fully and fairly, even if ... the claimant is represented by counsel.' " *Boyd v. Sullivan, 960 F.2d 733, 736 (8th Cir.1992) (quoting Warner v. Heckler, 722 F.2d 428, 431 (8th Cir.1983)).* This is so because an administrative hearing is not an adversarial proceeding. *Henrie v. Dept. of Health & Human Serv., 13 F.3d 359, 361 (10th Cir. 1993).* "[T]he goals of the Secretary and the advocates should be the same: that deserving claimants who apply for benefits receive justice." *Battles v. Shalala, 36 F.3d 43, 44 (8th Cir.1994).* Upon remand, the records of Dr. Cook should be obtained.

Further, upon remand, the testimony of the witnesses, as well as any physician opinion[s] should pertain to Plaintiff's relevant time period for purposes of DIB. The relevant time period was determined to be December 31, 1996, through December 31, 1998. Plaintiff did not challenge the accuracy of these dates on appeal. Additionally, the Commissioner is encouraged to produce a vocational expert who is prepared with the proper documentation to support his/her testimony.

## Conclusion:

Accordingly, we conclude that the decision of the Commissioner denying benefits to the Plaintiff is not supported by substantial evidence and should be reversed. In light of the decision to remand this matter, all other issues raised by Plaintiff are rendered moot. This matter should be remanded to the Commissioner for proceedings consistent with this opinion.

ENTERED this 31st day of October, 2005.

AO72A
(Rev. 8/82)

/s/Bobby E. Shepherd
Honorable Bobby E. Shepherd
United States Magistrate Judge

AO72A
(Rev. 8/82)